**LEWIS BRISBOIS BISGAARD & SMITH LLP**
HONG LU, SB# 280219
    E-Mail: Hong.Lu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

MINYAO WANG, SB# (*pro hac vice* admitted)
    E-Mail: Minyao.Wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Telephone: 212.232.1300
Facsimile: 212.232.1399

*Attorneys for Petitioner Weijie Xu*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Weijie Xu, an individual,<br><br>                    Petitioner,<br><br>    v.<br><br>Chenshi Zhuang, an individual,<br>Qufang Zhuang, an individual,<br>Zhihui Zhuang, an individual, and<br>Zhifeng Zhuang, an individual.<br><br>                    Respondents. | Case No. 2:24-cv-08671-RGK-BFM<br><br>**WIJIE XU'S RESPONSE IN FURTHER SUPPORT OF HIS MOTION FOR FEES AND COSTS AGAINST THE ZHUANG RESPONDENTS ARISING FROM THEIR WILLFUL DISOBEDIENCE OF COURT ORDERS**<br><br>Judge:  Magistrate Judge Mircheff |

Petitioner Weijie Xu ("Mr. Xu") respectfully makes this submission to Magistrate Judge Mircheff asking the Court to make a Report and Recommendation to District Judge Gary Klausner granting Mr. Xu's pending application for fees and costs (the "Motion") against the Zhuang Respondents arising from their inexcusable refusal to obey orders of this Court which has directly resulted in the incurrence of significant and avoidable fees and costs by Mr. Xu and in the issuance of a federal arrest warrant against Zhifeng Zhuang by Judge Klausner.

Mr. Xu filed the Motion on April 13, 2026, *see* ECF No. 112 and directed it to

District Judge Klausner. Judge Klausner thereafter referred the Motion to Magistrate Judge Mircheff for review who then on her own motion took the hearing on the Motion off calendar. ECF No. 113 and No. 114.

Zhifeng Zhuang made no response to the Motion. Chenshi Zhuang, Qufang Zhuang, and Zhihui Zhuang, who are jointly referred to in the Motion as the Chapter 7 Respondents, submitted on April 29, 2026, through Maria Tam, Esq., notices of their bankruptcy filing at the United States Bankruptcy Court for the Central District of California. *See* ECF No. 116 and 117. These filings did not contain a substantive response to the arguments set forth by Mr. Xu in the Motion.

It is unclear what the purpose of these April 29 filings by the Chapter 7 Respondents served. Magistrate Judge Mircheff was of course aware of the bankruptcy status of the Chapter 7 Respondents. Mr. Xu, through undersigned counsel, alerted Magistrate Judge Mircheff to that fact on December 8, 2025, *see* ECF No. 94, and also expressly reserved his rights to seek sanctions against the Chapter 7 Respondents for their prepetition litigation misconduct, *see* ECF No. 95 at 2, n.1.

To the extent that the Chapter 7 Respondents suggested through their April 29 filings that their bankruptcy cases somehow immunize them from sanctions by this Court for their pre-petition misconduct, that issue was thoroughly briefed in the Motion, with citations to controlling Ninth Circuit law. The Chapter 7 Respondents did not (and could not) point to any contrary law. In sum, the Ninth Circuit has made it clear that under the "police powers" set forth in Section 362(b)(4) of the Bankruptcy Code, a federal district court can (and should) sanction bankruptcy debtors for bad-faith or otherwise unacceptable pre-petition litigation misconduct.

In addition, a recent decision from an intermediate state court in Washington State is highly instructive. *See Nguyen v. Quality Loan Serv. Corp*, 33 Wash. App. 2d 602, 562 P.3d 384 (2025). In that case, Ms. Nguyen engaged in sanctionable litigation misconduct and thereafter, while the case was in progress, filed a petition for bankruptcy protection under the Bankruptcy Code. While her bankruptcy case

was pending, the state court sanctioned her for her prepetition litigation misconduct by ordering her to pay the fees and costs of her adversary.  The court on appeal concluded that the financial sanction against Ms. Nguyen was not subject to the bankruptcy stay under section 362(b)(4) of the Bankruptcy Code because a trial court can and should "regulate[ ] the conduct of parties by permitting sanctions for unprofessional conduct during litigation" irrespective of a subsequent bankruptcy filing. *Id*. at 607.

The documented behavior of the Zhuang Respondents in repeatedly defying court orders, with which this Court is already familiar, is outrageous and inexcusable. And they have made no attempt to excuse their behavior. The campaign by the Zhuang Respondents to ghost this Court and its multiple orders put Mr. Xu, who holds a final judgment of more than $4 million against the Zhuang Respondents, in the position of having to choose between effectively relinquishing his right to enforce the final judgment that he won in this Court or incurring significant fees and costs to preserve his right.   If every judgment debtor conducts himself or herself in the way that the Zhuang Respondents did herein, the civil justice system could not properly function.

Given the outrageous nature of the misconduct at issue, Mr. Xu submits that the Zhuang Respondents must be held accountable in a meaningful manner.  It would be an affront to the court system itself, to Judge Mircheff, to Judge Klausner and to all litigants across the United States who routinely obey court orders that they may personally disagree with to let Zhuang Respondents avoid the consequences of their behavior.  As set forth in the Motion and herein, the law gives this Court the power to hold the Zhuang Respondents accountable and this Court should use that power to uphold the integrity of its court orders.  This is necessary to achieve general deterrence and specific deterrence.  Therefore, Mr. Xu respectfully requests this Court to make a Report and Recommendation at her convenience to Judge Klausner holding the Zhuang Respondents liable for the fees and costs that Mr. Xu was forced to incur due to their inexcusable misconduct, as comprehensively documented in the Motion.

Date: May 31, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Minyao Wang*

Minyao Wang (*pro hac vice* admitted)
minyao.wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Steet, 11th Floor
New York, NY 10007
Tel: (212) 232-1300

Hong Lu (SBN 280219)
hong.lu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

*Attorneys for Petitioner Weiji Xu*